# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL A. CAMPBELL,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-23-393-G |
| | ) |
| **STATE OF OKLAHOMA,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Michael A. Campbell, a state inmate appearing pro se, initiated this action on May 9, 2023, by filing a Petition for Writ of Habeas Corpus (Doc. No. 1) challenging two state-court criminal convictions under 28 U.S.C. § 2254. Petitioner seeks relief on two convictions from the District Court of Oklahoma County, Oklahoma. These convictions were entered in 2009, and Petitioner was sentenced to five years of imprisonment in each case, to be served concurrently. *See id.*

Because the Petition reflects that Petitioner has completed and discharged both of those sentences, the Court directed Petitioner to show cause in writing, no later than January 10, 2024, why this matter should not be dismissed for lack of subject-matter jurisdiction due to his failure to be in custody on those sentences. *See* Order of Dec. 27, 2023 (Doc. No. 19) (citing *Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014); 28 U.S.C. § 2254(a); *Neiberger v. Rudek*, 450 F. App'x 719, 724 (10th Cir. 2011)). The Order was mailed to Petitioner at his address of record and returned as undeliverable. *See* Doc. No. 20; *see also* LCvR 5.4 (prescribing that litigants must notify the Court of any

address changes and that "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court").

As of this date, no response or other filing has been submitted by Petitioner. Further, no continuing injury or collateral consequences of Petitioner's convictions are evident from the record before the Court.

CONCLUSION

Accordingly, the Court DISMISSES the Petition for Writ of Habeas Corpus (Doc. No. 1) based upon a lack of subject-matter jurisdiction. A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 12th day of January, 2024.

_____
CHARLES B. GOODWIN
United States District Judge